**CIRCUIT COURT OF THE CITY OF ALEXANDRIA**

Gresham et al.

v.

Kline Mitsubishi et al.

April 9, 1987

Case No. (Law) 11368

By JUDGE ALFRED D. SWERSKY

This case is before the Court on Defendant Kline's Demurrer to the Motion for Judgment, particularly Counts 2, 3, 4 and 5. Since the Demurrer will be sustained in part and overruled in part I will deal with each Count *seriatim.*

Count 2 alleges a violation by Kline of the Virginia Warranty Enforcement Act found at § 59.1-207.9, et seq., of the Code of Virginia. The Demurrer alleges that the sole remedy afforded by the statutory scheme is against the manufacturer. As support for this argument Kline refers to § 59.1-207.13, which provides a specific mandatory remedy against the manufacturer. The remedy, in the alternative, is to replace the vehicle or to accept the return of vehicle and return the purchase price, less certain charges, to the consumer. Plaintiffs in their prayer for Relief do ask for these remedies against Kline.

While the statutory scheme does provide for the retention of other remedies by the consumer, it does limit its applicability to the "Manufacturer." Kline does not fit the definition of "Manufacturer" provided in Section 59.1-207.11. Therefore, Kline's Demurrer to Count 2 must be sustained. Since no cause of action can be alleged against Kline under this theory this Count will be dismissed as to Kline.

The next Count seeks recovery from Kline for Breach of an Express Warranty. Kline argues that this warranty was disclaimed or limited to the Manufacturer's Warranty by the contract signed by the parties. Such an argument goes to the merits of the allegations and not to the sufficiency of the allegations. The Demurrer will be overruled as to Count 3.

Count 4 seeks recovery for Breach of an Implied Warranty which Kline claims is disclaimed by the contract as provided in Code of Virginia, Section 8.2-316. Once again issues of fact are raised and the Demurrer will be overruled as to Count 4.

Count 5 seeks recovery for negligence and alleges that Kline along with other Defendants "negligently manufactured, assembled, marketed, transported, distributed, and sold the said vehicle in a defective and damaged condition." Kline argues that since it did not manufacture the car it can not be held liable in this Count which Plaintiff has entitled "Negligent Manufacture." The allegations of this Count are sufficient to state a cause of action against Kline for negligence and the Demurrer must be overruled as to Count 5.